**UNITED STATES f/u/o Cool Temp, Inc., Plaintiff,**

v.

**ALL AMERICAN BUILDING SYSTEMS, INC., and United States Fidelity & Guaranty Company, Defendants.**

Civ. A. No. 1:93–cv–2531–RLV.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 15, 1994.

David J. Larson, Peterson Dillard Young Self & Asselin, Atlanta, GA, for plaintiff.

J. Alexander Porter, Porter & Barrett, Atlanta, GA, for defendant.

***ORDER***

VINING, District Judge.

This matter is before the court on a motion to dismiss Count Two of the complaint for failure to state a claim by defendant United States Fidelity and Guaranty Company ("USF & G").

The plaintiff filed suit under the Miller Act, 40 U.S.C. § 270a, *et seq.*, for recovery on a Miller Act payment bond. The plaintiff was a subcontractor to defendant All American Building Systems ("All American") on a contract with the United States Army Corps of Engineers for work at Fort Gillem, Georgia. USF & G is the surety on the payment bond. The plaintiff alleges that it was not paid for the work performed and that USF & G is liable to the plaintiff as the surety. In Count Two of the complaint, the plaintiff sets forth a cause of action under O.C.G.A. § 10–

7-30 for a bad faith penalty and attorneys' fees. The defendant contends that the remedy provided by Georgia law is not recoverable under the Miller Act.

In *F.D. Rich Co. v. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the Supreme Court explained that the remedies available in a Miller Act case are determinable by federal law.

> The Miller Act provides a federal cause of action and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law.

*Id.* at 127, 94 S.Ct. at 2164. The Court held that in the absence of statutory or contractual guidance, attorneys' fees could not be awarded in a Miller Act suit pursuant to the American Rule. The Court recognized that there might be exceptions to the general rule, including the recovery of attorneys' fees by a successful litigant when the opposing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Id.* at 129, 94 S.Ct. at 2165.

In *United States f/u/o General Electric Supply Co. v. Minority Electric Co.,* 537 F.Supp. 1018 (S.D.Ga.1982), an action was brought to recover on a Miller Act payment bond. The plaintiff sought leave to amend the complaint to add an allegation of liability for attorneys' fees and a bad faith penalty under Ga.Code Ann. § 103–210, recodified as O.C.G.A. § 10–7–30. Relying on *F.D. Rich,* the court concluded that because Congress did not intend to incorporate state law with respect to the award of fees in a Miller Act case, the recovery of any state law penalties would not be allowed. The court held that the Georgia statute authorizing recovery of attorneys' fees and a penalty from a surety for the bad faith failure to pay is not applicable in a Miller Act case.

The plaintiff argues that the *Minority Electric* case was wrongly decided and that the defendant failed to cite the Eleventh Circuit case of *United States f/u/b/o Krupp Steel Products v. Aetna Insurance Co.,* 831 F.2d 978 (11th Cir.1987) and the Ninth Circuit case of *K–W Industries v. National Surety Corporation,* 855 F.2d 640 (9th Cir. 1988); however, neither case demands a different result. The *Krupp* case involved a contractual provision between the parties that provided for the recovery attorneys' fees and did not involve recovery of attorneys' fees or a bad faith penalty under state law. The plaintiff in the present case has not alleged that there is a contractual provision governing the award of attorneys' fees; therefore, *Krupp* does not apply.

The plaintiff's reliance on *K–W Industries* is equally misplaced. As was recognized by the Ninth Circuit, the *K–W Industries* case involved a totally different factual scenario and legal issue than *F.D. Rich* and *Minority Electric.*[1] 855 F.2d at 643. K–W Industries' lawsuit did not arise under the Miller Act or any other federal statute but arose instead under Montana's unfair insurance practices law. Insofar as the lawsuit concerned a state law claim, the Ninth Circuit would not rule out the possible recovery of attorneys' fees under state law. Cool Temp's cause of action, on the other hand, arises solely under the Miller Act and, as such, the issue of attorneys' fees is governed by federal law.

According to the relevant case law, the plaintiff may not recover a bad faith penalty or attorneys' fees pursuant to O.C.G.A. § 10–7–30 in a suit brought under the Miller Act. Therefore, the defendant's motion to dismiss Count Two is GRANTED.

SO ORDERED.

---

1. The Ninth Circuit specifically stated that the surety's reliance on *Minority Electric* was misplaced. "In refusing to incorporate and apply Georgia law in a suit for payment on a Miller Act bond, the court·specifically noted that the plaintiff had not attempted to plead a state law cause of action." 855 F.2d at 643 n. 6.